UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 11692 WGY CIVIL ACTION NO.

ABU MUSA and MOHAMMED S. ISLAM, )
          Plaintiffs, )
)
v. )
          MAGISTRATE JUDGE Sorokin )
)
TEDESCHI FOOD SHOPS, INC. and )
JOSEPH GREEN, )
          Defendants. )

RECEIPT # 66301
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 8/16/05

**NOTICE OF REMOVAL**

Defendant, Tedeschi Food Shops, Inc., by its attorneys, Davis, Malm & D'Agostine, P.C., by Gary M. Feldman and Lori A. Jodoin, petitions for removal of the above-entitled case to the United States District Court for the District of Massachusetts and states as follows:

1. A civil action designated as Case No. 05-3143F has been commenced and is now pending before the Superior Court, Suffolk County, Commonwealth of Massachusetts, with Abu Musa and Mohammed S. Islam, Plaintiffs, and naming Defendant Tedeschi Food Shops, Inc. along with its employee, Joseph Green.

2. The following law firm has been retained to represent the Defendant Tedeschi Food Shops, Inc., in all proceedings relating to civil action Case No. 05-3143F: Davis, Malm & D'Agostine, P.C., by Gary M. Feldman and Lori A. Jodoin.

3. On or about July 27, 2005, Plaintiffs filed a Summons and Complaint in Superior Court, Suffolk County, Commonwealth of Massachusetts, commencing Case No.05-3143F. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

4. Case No. 05-3143F is a civil action in which the United States District Court has federal question jurisdiction in that the Plaintiffs have brought claims under Title VII of the 1964 Civil Rights Act.

5. The Defendant was served with a copy of the Summons and Complaint for the first time on July 29, 2005. A true and correct copy of the Acceptance of Service is attached hereto as Exhibit 2.

6. Removal of this action is timely in that less than 30 days have passed since the Defendant received a copy of the initial pleading. 28 U.S.C. § 1446(b).

7. By copy of this Notice, the Defendant has given notice to the Plaintiffs and will promptly file a copy of the Notice with the Clerk of Court, Suffolk County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant requests that Case No. 05-3143F be removed from the Superior Court, Suffolk County, Commonwealth of Massachusetts, into the United States District Court for the District of Massachusetts for trial and determination.

TEDESCHI FOODS SHOPS, INC.
By its attorneys,

Gary M. Feldman BBO #162070
Lori A. Jodoin BBO #655840
**DAVIS, MALM & D'AGOSTINE, P.C.**
One Boston Place
Boston, MA 02108
(617) 367-2500

Dated: August 16, 2005

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 8/16/05

377290v.1

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._____

A_____ _____ S. I___, Plaintiff(s)

v.

R_____ ____ Sho__, Inc. and Jo___ _____, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Leslie _. Greer

plaintiff's attorney, whose address is Cambridge, MA 02139 - Ste. 21, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the _____ day of July, in the year of our Lord two thousand five.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                                DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION No.

                                                    05-3143 F

_____
ABU MUSA and MOHAMMED S. ISLAM    )
        Plaintiffs,               )
v.                                )
                                  )
TEDESCHI FOOD SHOPS, INC. and     )
JOSEPH GREEN                      )
        Defendants.               )
_____    )

## PARTIES

1. Plaintiff Abu Musa ("Musa") of 362 Rindge Avenue, Apt. 5G, Cambridge, Massachusetts was formerly employed by the Defendant Tedeschi Food Shops, Inc. ("Tedeschi").

2. Plaintiff Mohammed S. Islam ("Islam") of 362 Rindge Avenue, Apt. 16M, Cambridge, Massachusetts was formerly employed by the Defendant Tedeschi.

3. Defendant Tedeshi is a Massachusetts corporation with a usual place of business located at 14 Howard Street, Rockland, Massachusetts.

4. Defendant Joseph Green ("Green") an individual with a usual place of business located at 14 Howard Street, Rockland, Massachusetts was at all times relevant to this complaint a Division Manager for Defendant Tedeschi.

## FACTS

5. Musa was born in Bangladesh and is a practicing Muslim.

6. Musa commenced his employment with Tedeshi on or about August 5, 2001. He was promoted to the salaried position of General Manager on or about October 28, 2001 and

continued in that position until he was terminated on or about April 22, 2003. He was employed as the store manager of the Tedeshi's store located at 555 East Broadway, South Boston, MA. That store is a referred to by Tedeshi as Store No. 35.

7. Islam was born in Bangladesh and is a practicing Muslim.

8. Islam commenced his employment with Tedeshi on or about July 24, 2001. He was hired as an hourly wage employee with the title of Assistant Store Manager on or about October 28, 2001 and continued in that position until he was terminated on or about April 22nd, 2003. He was employed at the Tedeshi's store located at 555 East Broadway, South Boston, MA. Musa was his direct supervisor.

9. Tedeschi's stores are organized into regional divisions. At all times relevant to this action, Green was the Division Manager for the region that included Store 35. Green was Musa's direct supervisor, and Green, in turn, reported to Thomas Hart, Vice President of Operations.

10. Among other things, Tedeschi's stores sell fresh-brewed coffee. In 2003, Tedeschi's coffee supplier sponsored a contest to promote coffee sales. Under the rules of the contest, the division manager of the regional division recording the greatest increase in coffee sales during the contest, and the store manager of the store recording the greatest increase in coffee sales, would both receive all-expense- paid trips to Disney World at the end of the contest period. The assistant manager of the store recording the greatest increase in coffee sales was to receive a $100 American Express gift certificate. The promotional contest ran from March 3, 2003 to April 3, 2003. In connection with that contest, Tedeschi ran a promotional sales event for coffee.

11. On or about March 26, 2003 after a meeting where company business was discussed, Green asked Musa if he had ever been to Disney World and proceeded to explain to Musa how he could inflate his store's coffee sales so that they could both win trips to Disney World. Green told Musa that since soda and coffee were the same price, Musa could direct the employees at his store to ring in sales of soda as coffee for the rest of the contest period. Musa objected telling Green that the scheme would throw off the store's inventory figures. Green said not to worry about the inventory because it could be taken care of after the contest ended, and that he as division manager would take care of any questions that were raised. Based upon Green's directive, Musa instructed his store's employees including Islam to ring in soda sales as coffee sales for the duration of the contest period from March 27, 2003 until April 3, 2003.

12. Although Musa had told Islam that Green had initiated the idea to ring in soda sales as coffee sales, when Green came to Store No.35, Islam questioned Green about it. Green told Islam to go ahead and ring soda sales as coffee sales.

13. In April 2003 after the contest ended, Tedeschi corporate headquarters noticed the unusual coffee sales numbers and inquired about them. Tedeschi assigned Green to look into the matter. Rather than admitting his own role in inflating the coffee sales, Green pretended to do an investigation and falsely reported back to corporate headquarters that Musa had initiated the sales scheme in order to win the coffee contest. In the mean time, Green told Musa not to worry about the situation, but that since corporate headquarters had learned of the inflated coffee sales, he as division manager would have to at least give Musa a written warning.

14. Later, Green told Musa that corporate headquarters was insisting that Musa not merely be given a warning but, instead be suspended for three days. Musa objected, but again Green told Musa not worry. That suspension was subsequently extended, and Green told Musa that he would have to report to corporate headquarters for a meeting. Green continued to tell Musa that he had nothing to worry about.

15. When Musa reported to corporate headquarters for the meeting, Green and Tedeschi's Vice President Thomas Hart were present. Muse was not given an opportunity to give an account of his side of the situation. Instead, although Tedeschi's policies gave Musa a right to a hearing, he was summarily discharged.

16. Green selected Musa to carry out the coffee scheme was because he was foreign born and a Muslim. Green thought that if anyone learned of the scheme, they would not listen to Musa and would believe Green's version of events. That proved to be the case. Tedeschi automatically took Green's word for what had happened over that of Musa a foreign-born Muslim.

17. Green falsely told corporate headquarters that Islam told his fellow employees to ring in soda as coffee. Islam was also summarily discharged without being given an opportunity to present his side of the events in question at a hearing. None of the other hourly-wage store employees who rang in soda as coffee were discharged. Those employees were not from Bangladesh or Muslim.

## Count I

18. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

-4-

19. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of national origin.

### Count II

20. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

21. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of national origin.

### Count III

22. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

23. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of religion.

### Count IV

24. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

25. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of religion.

## Count V

26. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

27. Musa was harmed by Green in that Green aided, abetted, compelled or coerced acts forbidden under M.G.L. c. 151B, s. 4 and in violation of that chapter in that he caused and contributed to Musa's termination from employment.

## Count VI

28. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

28. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of national origin.

## Count VII

30. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

31. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of national origin.

## Count VIII

32. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

33. Islam was harmed by Tedeschi in that he was terminated from his employment with

Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of religion.

### Count IX

34. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

35. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of religion.

### Count X

36. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

37. Islam was harmed by Green in that Green aided, abetted, compelled or coerced acts forbidden under M.G.L. c. 151B, s. 4 and in violation of that chapter in that he caused and contributed to Islams's termination from employment.

**Wherefore**, the Plaintiffs demand judgement against the Defendants and pray that the court award compensatory monetary damages, punitive damages, costs and attorney's fees. The Plaintiffs further request that the court issue an order directing that the Defendants cease and desist from their unlawful actions as described above and grant any other and further relief that the court deems appropriate.

### Jury Demand

The Plaintiffs respectfully demand a trial by jury.

>Plaintiffs
>Abu Musa
>Mohammed S. Islam
>By their attorney,
>
>*Leslie B. Greer* (signature)
>
>Leslie B. Greer
>875 Massachusetts Avenue - Suite 31-33
>Cambridge, MA 02139
>(617) 354- 8375
>BBO# 210700

Date: July 27, 2005

-8-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                      DEPARTMENT
                                                      OF THE TRIAL COURT
                                                      CIVIL ACTION No. 05-3143F

ABU MUSA and MOHAMMED S. ISLAM    )
    Plaintiffs,                   )
v.                                )
                                  )
TEDESCHI FOOD SHOPS, INC. and     )
JOSEPH GREEN                      )
    Defendants.                   )
                                  )

## ACCEPTANCE OF SERVICE

Service of process and a copy of the complaint by which the above captioned matter was commenced is hereby acknowledged and accepted on behalf of the defendant Tedeschi Food Shops, Inc..

                                        Defendant
                                        Tedeschi Food Shops, Inc.
                                        By its Attorney,

                                        /s/ Eugene V. Blanchard
                                        Eugene V. Blachard (Blanchard)
                                        14 Howard Street
                                        Rockland, Massachusetts 02370
                                        (781) 871-6900
                                        BBO # 045180

Date: July 29 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Abu Musa

**DEFENDANTS**
Tedeschi Food Shops, Inc.

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Plymouth**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Leslie B. Green
875 Massachusetts Avenue, Suite 31-33
Cambridge, MA 02139

Attorneys (If Known) Gary M. Feldman
Lori A. Jodoin, Davis Malm & D'Agostine
One Boston Pl., Boston, MA 02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
N/A
JUDGE
DOCKET NUMBER

DATE 8-16-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   **Abu Musa v. Tedeschi Food Shops, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Gary M. Feldman, Esq.**
ADDRESS   **Davis Malm & D'Agostine One Boston Place, Boston, MA 02108**
TELEPHONE NO.   **617.367.2500**

(CategoryForm.wpd - 5/2/05)