UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11692WGY

| | |
|---|---|
| ABU MUSA and MOHAMMED S. ISLAM,<br>Plaintiffs,<br><br>v.<br><br>TEDESCHI FOOD SHOPS, INC. and<br>JOSEPH GREEN,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF DEFENDANT TEDESCHI FOOD SHOPS, INC.

The defendant, Tedeschi Food Shops, Inc. (hereinafter referred to as the "defendant" or "TFS"), hereby responds to the allegations of the complaint as follows:

### PARTIES

1. TFS admits that it formerly employed the plaintiff, Abu Musa. TFS is without information sufficient to form a belief as to the remaining allegations of paragraph 1 and calls on the plaintiffs to prove the same.

2. TFS admits that it formerly employed the plaintiff, Mohammed S. Islam. TFS is without information sufficient to form a belief as to the remaining allegations of paragraph 2 and calls on the plaintiffs to prove the same.

3. Admitted.

4. TFS admits that Joseph Green was at all times relevant to the complaint employed by TFS as a Division Manager. The remaining allegations of paragraph 4 are denied.

## FACTS

5. TFS is without information sufficient to form a belief as to the allegations of paragraph 5 and calls on the plaintiffs to prove the same.

6. Admitted.

7. TFS is without information sufficient to form a belief as to the allegations of paragraph 7 and calls on the plaintiffs to prove the same.

8. Admitted.

9. Admitted.

10. Admitted.

11. TFS admits that the plaintiff, Musa, instructed his store's employees, including the plaintiff, Islam, to ring in soda sales as coffee sales during the contest period. The remaining allegations of paragraph 11 are denied.

12. TFS is without information sufficient to form a belief as to the truth of the allegation that Musa told Islam that Green had initiated the idea to ring in soda sales as coffee sales, and calls on the plaintiffs to prove the same. To the extent that Musa made such a statement to Islam, TFS denies that Green had initiated the idea. The remaining allegations of paragraph 12 are denied.

13. TFS admits the allegations of the first two sentences. The remaining allegations of paragraph 13 are denied.

14. TFS admits that Musa was initially suspended for three days. TFS admits the allegations of the third sentence. The remaining allegations of paragraph 14 are denied.

15. TFS admits the allegations of the first sentence. TFS admits that Musa was terminated. The remaining allegations of paragraph 15 are denied.

16. Denied.

17. TFS admits that Islam was discharged. TFS admits that other than Musa and Islam, no other employees were discharged. The remaining allegations of paragraph 17 are denied.

## COUNT I

18. TFS restates and incorporates herein its responses to the foregoing paragraphs.
19. Denied.

## COUNT II

20. TFS restates and incorporates herein its responses to the foregoing paragraphs.
21. Denied.

## COUNT III

22. TFS restates and incorporates herein its responses to the foregoing paragraphs.
23. Denied.

## COUNT IV

24. TFS restates and incorporates herein its responses to the foregoing paragraphs.
25. Denied.

## COUNT V

26. TFS restates and incorporates herein its responses to the foregoing paragraphs.
27. Denied.

## COUNT VI

28. TFS restates and incorporates herein its responses to the foregoing paragraphs.
29. Denied.

## COUNT VII

30. TFS restates and incorporates herein its responses to the foregoing paragraphs.
31. Denied.

## COUNT VIII

32. TFS restates and incorporates herein its responses to the foregoing paragraphs.

33. Denied.

## COUNT IX

34. TFS restates and incorporates herein its responses to the foregoing paragraphs.

35. Denied.

## COUNT X

36. TFS restates and incorporates herein its responses to the foregoing paragraphs.

37. Denied.

### FIRST AFFIRMATIVE DEFENSE

Each Count of the Complaint is barred by applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Each Count of the Complaint is barred by failure to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiffs suffered any damages, then such damages were a result of plaintiffs' own actions and conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering on account of fraud.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the administrative filing requirements of the discrimination statutes.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were terminated for legitimate, non-discriminatory reasons and not because of their religion or national origin.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish a prima facie case with respect to national origin or religion discrimination.

### TENTH AFFIRMATIVE DEFENSE

TFS had a good faith belief that the plaintiffs committed the conduct for which they were terminated, and that Joseph Green played no role in directing their conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

TFS relied on reasonable factors other than plaintiffs' national origin and religion in making all decisions regarding the plaintiffs' employment and discharge.

### TWELFTH AFFIRMATIVE DEFENSE

TFS has complied with all laws and regulations and has otherwise satisfied its statutory obligations towards the plaintiffs under applicable law.

> TEDESCHI FOOD SHOPS, INC.
> By its attorneys,
>
> /s/ Gary M. Feldman
> Gary M. Feldman
> BBO # 162070
> **DAVIS, MALM & D'AGOSTINE, P.C.**
> One Boston Place
> Boston, MA  02108
> (617) 367-2500

Dated:  August 22, 2005