MASXP-20050325     **Commonwealth of Massachusetts**     08/16/2005
guen     SUFFOLK SUPERIOR COURT     02:25 PM
Case Summary
Civil Docket

*05-11692-WGY* (handwritten)

## SUCV2005-03143
### Musa et al v Tedeschi Food Shops Inc et al

| File Date | 07/27/2005 | Status | Disposed: transferred to other court (dtrans) |
|---|---|---|---|
| Status Date | 08/16/2005 | Session | F - Civil F, 3 Pemberton Square, Boston |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 10/25/2005 | Answer | 12/24/2005 | Rule12/19/20 | 12/24/2005 |
|---|---|---|---|---|---|
| Rule 15 | 12/24/2005 | Discovery | 05/23/2006 | Rule 56 | 06/22/2006 |
| Final PTC | 07/22/2006 | Disposition | 09/20/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Abu Musa
Active 07/27/2005

**Private Counsel 210700**
Leslie B Greer
875 Massachusetts Avenue
Suites 31-33
West Cambridge, MA 02139
Phone: 617-354-8375
Active 07/27/2005 Notify

**Plaintiff**
Mohammed S Islam
Active 07/27/2005

**Defendant**
Tedeschi Food Shops Inc
Service pending 07/27/2005

**Private Counsel 162070**
Gary M Feldman
Davis Malm & D'Agostine
1 Boston Place
Boston, MA 02108
Phone: 617-367-2500
Fax: 617-523-6215
Active 08/16/2005 Notify

**Private Counsel 655840**
Lori A Jodoin
Petrucelly & Nadler
1 BOSTON PLACE
Boston, MA 02109
Phone: 617-367-2500
Fax:
Active 08/16/2005 Notify

MASXP-20050325           **Commonwealth of Massachusetts**           08/16/2005
guen                        SUFFOLK SUPERIOR COURT                    02:25 PM
                               Case Summary
                               Civil Docket

## SUCV2005-03143
### Musa et al v Tedeschi Food Shops Inc et al

**Defendant**
Joseph Green
Service pending 07/27/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/27/2005 | 1.0 | Complaint & Jury demand |
| 07/27/2005 | | Origin 1, Type B22, Track F. |
| 07/28/2005 | 2.0 | Civil action cover sheet filed |
| 08/16/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Tedeschi Foods Shops, Inc., U. S. Dist.#(05-11692WGY). |
| 08/16/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

AUGUST 17, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Suffolk Superior Civil # 05-3143

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-11692WGY   CIVIL ACTION NO.

ABU MUSA and MOHAMMED S. ISLAM, )
           Plaintiffs, )
 )
v. )
 )
TEDESCHI FOOD SHOPS, INC. and )
JOSEPH GREEN, )
           Defendants. )
 )

## NOTICE OF REMOVAL

Defendant, Tedeschi Food Shops, Inc., by its attorneys, Davis, Malm & D'Agostine, P.C., by Gary M. Feldman and Lori A. Jodoin, petitions for removal of the above-entitled case to the United States District Court for the District of Massachusetts and states as follows:

1. A civil action designated as Case No. 05-3143F has been commenced and is now pending before the Superior Court, Suffolk County, Commonwealth of Massachusetts, with Abu Musa and Mohammed S. Islam, Plaintiffs, and naming Defendant Tedeschi Food Shops, Inc. along with its employee, Joseph Green.

2. The following law firm has been retained to represent the Defendant Tedeschi Food Shops, Inc., in all proceedings relating to civil action Case No. 05-3143F: Davis, Malm & D'Agostine, P.C., by Gary M. Feldman and Lori A. Jodoin.

3. On or about July 27, 2005, Plaintiffs filed a Summons and Complaint in Superior Court, Suffolk County, Commonwealth of Massachusetts, commencing Case No.05-3143F. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

4. Case No. 05-3143F is a civil action in which the United States District Court has federal question jurisdiction in that the Plaintiffs have brought claims under Title VII of the 1964 Civil Rights Act.

5. The Defendant was served with a copy of the Summons and Complaint for the first time on July 29, 2005. A true and correct copy of the Acceptance of Service is attached hereto as Exhibit 2.

6. Removal of this action is timely in that less than 30 days have passed since the Defendant received a copy of the initial pleading. 28 U.S.C. § 1446(b).

7. By copy of this Notice, the Defendant has given notice to the Plaintiffs and will promptly file a copy of the Notice with the Clerk of Court, Suffolk County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant requests that Case No. 05-3143F be removed from the Superior Court, Suffolk County, Commonwealth of Massachusetts, into the United States District Court for the District of Massachusetts for trial and determination.

> TEDESCHI FOODS SHOPS, INC.
> By its attorneys,
>
> Gary M. Feldman BBO #162070
> Lori A. Jodoin BBO #655840
> **DAVIS, MALM & D'AGOSTINE, P.C.**
> One Boston Place
> Boston, MA 02108
> (617) 367-2500

Dated: August 16, 2005

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 8/16/05

2

377290v.1

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-3143 F | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ABU HUSA + MOHAMAED S. ISLAH | TEDESCHI FOOD SHOPS, INC. and JOSEPH GREEN |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Leslie B. GREER, 875 MASSACHUSETTS Av CAMBRIDGE, MA 02139 Board of Bar Overseers number 721670C | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
☐ 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIM (F) | | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                                                                                  Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe) $. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                                  $. . . . . . . . . . . .
                                                                                                TOTAL $. . . . . . . . . . . .

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                                                TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Leslie B. Greer_  DATE: 7/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

AUGUST 17, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
SUPERIOR COURT
DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION No.
05-3143

ABU MUSA and MOHAMMED S. ISLAM )
    Plaintiffs, )
v. )
 )
TEDESCHI FOOD SHOPS, INC. and )
JOSEPH GREEN )
    Defendants. )

## PARTIES

1. Plaintiff Abu Musa ("Musa") of 362 Rindge Avenue, Apt. 5G, Cambridge, Massachusetts was formerly employed by the Defendant Tedeschi Food Shops, Inc. ("Tedeschi").

2. Plaintiff Mohammed S. Islam ("Islam") of 362 Rindge Avenue, Apt. 16M, Cambridge, Massachusetts was formerly employed by the Defendant Tedeschi.

3. Defendant Tedeshi is a Massachusetts corporation with a usual place of business located at 14 Howard Street, Rockland, Massachusetts.

4. Defendant Joseph Green ("Green") an individual with a usual place of business located at 14 Howard Street, Rockland, Massachusetts was at all times relevant to this complaint a Division Manager for Defendant Tedeschi.

## FACTS

5. Musa was born in Bangladesh and is a practicing Muslim.

6. Musa commenced his employment with Tedeshi on or about August 5, 2001. He was promoted to the salaried position of General Manager on or about October 28, 2001 and

continued in that position until he was terminated on or about April 22, 2003. He was employed as the store manager of the Tedeshi's store located at 555 East Broadway, South Boston, MA. That store is a referred to by Tedeshi as Store No. 35.

7. Islam was born in Bangladesh and is a practicing Muslim.

8. Islam commenced his employment with Tedeshi on or about July 24, 2001. He was hired as an hourly wage employee with the title of Assistant Store Manager on or about October 28, 2001 and continued in that position until he was terminated on or about April 22nd, 2003. He was employed at the Tedeshi's store located at 555 East Broadway, South Boston, MA. Musa was his direct supervisor.

9. Tedeschi's stores are organized into regional divisions. At all times relevant to this action, Green was the Division Manager for the region that included Store 35. Green was Musa's direct supervisor, and Green, in turn, reported to Thomas Hart, Vice President of Operations.

10. Among other things, Tedeschi's stores sell fresh-brewed coffee. In 2003, Tedeschi's coffee supplier sponsored a contest to promote coffee sales. Under the rules of the contest, the division manager of the regional division recording the greatest increase in coffee sales during the contest, and the store manager of the store recording the greatest increase in coffee sales, would both receive all-expense- paid trips to Disney World at the end of the contest period. The assistant manager of the store recording the greatest increase in coffee sales was to receive a $100 American Express gift certificate. The promotional contest ran from March 3, 2003 to April 3, 2003. In connection with that contest, Tedeschi ran a promotional sales event for coffee.

11. On or about March 26, 2003 after a meeting where company business was discussed, Green asked Musa if he had ever been to Disney World and proceeded to explain to Musa how he could inflate his store's coffee sales so that they could both win trips to Disney World. Green told Musa that since soda and coffee were the same price, Musa could direct the employees at his store to ring in sales of soda as coffee for the rest of the contest period. Musa objected telling Green that the scheme would throw off the store's inventory figures. Green said not to worry about the inventory because it could be taken care of after the contest ended, and that he as division manager would take care of any questions that were raised. Based upon Green's directive, Musa instructed his store's employees including Islam to ring in soda sales as coffee sales for the duration of the contest period from March 27, 2003 until April 3, 2003.

12. Although Musa had told Islam that Green had initiated the idea to ring in soda sales as coffee sales, when Green came to Store No.35, Islam questioned Green about it. Green told Islam to go ahead and ring soda sales as coffee sales.

13. In April 2003 after the contest ended, Tedeschi corporate headquarters noticed the unusual coffee sales numbers and inquired about them. Tedeschi assigned Green to look into the matter. Rather than admitting his own role in inflating the coffee sales, Green pretended to do an investigation and falsely reported back to corporate headquarters that Musa had initiated the sales scheme in order to win the coffee contest. In the mean time, Green told Musa not to worry about the situation, but that since corporate headquarters had learned of the inflated coffee sales, he as division manager would have to at least give Musa a written warning.

14. Later, Green told Musa that corporate headquarters was insisting that Musa not merely be given a warning but instead be suspended for three days. Musa objected, but again Green told Musa not worry. That suspension was subsequently extended, and Green told Musa that he would have to report to corporate headquarters for a meeting. Green continued to tell Musa that he had nothing to worry about.

15. When Musa reported to corporate headquarters for the meeting, Green and Tedeschi's Vice President Thomas Hart were present. Muse was not given an opportunity to give an account of his side of the situation. Instead, although Tedeschi's policies gave Musa a right to a hearing, he was summarily discharged.

16. Green selected Musa to carry out the coffee scheme was because he was foreign born and a Muslim. Green thought that if anyone learned of the scheme, they would not listen to Musa and would believe Green's version of events. That proved to be the case. Tedeschi automatically took Green's word for what had happened over that of Musa a foreign-born Muslim.

17. Green falsely told corporate headquarters that Islam told his fellow employees to ring in soda as coffee. Islam was also summarily discharged without being given an opportunity to present his side of the events in question at a hearing. None of the other hourly-wage store employees who rang in soda as coffee were discharged. Those employees were not from Bangladesh or Muslim.

## Count I

18. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

-4-

19. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of national origin.

## Count II

20. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

21. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of national origin.

## Count III

22. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

23. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of religion.

## Count IV

24. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

25. Musa was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of religion.

### Count V

26. Musa repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

27. Musa was harmed by Green in that Green aided, abetted, compelled or coerced acts forbidden under M.G.L. c. 151B, s. 4 and in violation of that chapter in that he caused and contributed to Musa's termination from employment.

### Count VI

28. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

28. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of national origin.

### Count VII

30. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

31. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of national origin.

### Count VIII

32. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

33. Islam was harmed by Tedeschi in that he was terminated from his employment with

Tedeschi in violation of M.G.L. c. 151B, s. 4's prohibition on discrimination on the basis of religion.

## Count IX

34. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

35. Islam was harmed by Tedeschi in that he was terminated from his employment with Tedeschi in violation of Title VII of the 1964 Civil Rights Act's prohibition on discrimination on the basis of religion.

## Count X

36. Islam repeats and reaffirms the statements in the foregoing paragraphs as though explicitly set forth herein.

37. Islam was harmed by Green in that Green aided, abetted, compelled or coerced acts forbidden under M.G.L. c. 151B, s. 4 and in violation of that chapter in that he caused and contributed to Islams's termination from employment.

**Wherefore**, the Plaintiffs demand judgement against the Defendants and pray that the court award compensatory monetary damages, punitive damages, costs and attorney's fees. The Plaintiffs further request that the court issue an order directing that the Defendants cease and desist from their unlawful actions as described above and grant any other and further relief that the court deems appropriate.

**Jury Demand**

The Plaintiffs respectfully demand a trial by jury.

                Plaintiffs
                Abu Musa
                Mohammed S. Islam
                By their attorney,

                */s/ Leslie B. Greer*
                Leslie B. Greer
                875 Massachusetts Avenue - Suite 31-33
                Cambridge, MA 02139
                (617) 354-8375
                BBO# 210700

Date: July 27, 2005

I HEREBY ATTEST AND CERTIFY ON AUGUST 17, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Lorraine A. Imbroca*

ASSISTANT CLERK.