UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11692WGY

|  |  |
|---|---|
| ABU MUSA and MOHAMMED S. ISLAM<br>　　　　　Plaintiffs,<br><br>v.<br><br>TEDESCHI FOOD SHOPS, INC. and<br>JOSEPH GREEN,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF DEFENDANT JOSEPH GREEN

The Defendant Joseph Green hereby responds to the allegations of the Complaint as follows:

### PARTIES

1.  Mr. Green admits that Plaintiff Abu Musa was formerly employed by Tedeschi Food Shops, Inc. ("Tedeschi"). Mr. Green lacks sufficient information to form a belief as to the remaining allegations of paragraph 1, and therefore denies same.

2.  Mr. Green admits that Plaintiff Mohammed S. Islam was formerly employed by Tedeschi. Mr. Green lacks sufficient information to form a belief as to the remaining allegations of paragraph 2, and therefore denies same.

3.  Admitted.

4.  Mr. Green admits that at all times relevant to the Complaint he was employed by Tedeschi as a Division Manager. The remaining allegations of paragraph 4 are denied.

## **FACTS**

5. Mr. Green lacks sufficient information to form a belief as to allegations of paragraph 5 and therefore denies same.

6. Admitted.

7. Mr. Green lacks sufficient information to form a belief as to the allegations of paragraph 7 and therefore denies same.

8. Admitted.

9. Admitted.

10. Admitted.

11. Mr. Green admits that Plaintiff Musa instructed employees at Musa's store, including Plaintiff Islam, to ring in soda sales as coffee sales during the contest period. Mr. Green denies the remaining allegations of paragraph 11.

12. Denied.

13. Mr. Green admits the allegations of the first two sentences. Mr. Green denies the remaining allegations of paragraph 13.

14. Mr. Green admits that Musa was initially suspended for three days. Mr. Green admits the allegations of the third sentence. Mr. Green denies the remaining allegations of paragraph 14.

15. Mr. Green admits the allegations of the first sentence. Mr. Green admits that Musa was terminated. Mr. Green denies the remaining allegations of paragraph 15.

16. Denied.

17. Mr. Green admits that Islam was discharged. Mr. Green admits that other than Musa and Islam, no other employees were discharged. Mr. Green denies the remaining allegations of paragraph 17.

## COUNT I

18. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

19. Mr. Green states that the allegations in paragraph 19 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green. To extent that paragraph 19 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT II

20. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

21. Mr. Green states that the allegations in paragraph 21 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green. To extent that paragraph 21 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT III

22. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

23. Mr. Green states that the allegations in paragraph 23 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green. To extent that paragraph 23 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT IV

24.     Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

25.     Mr. Green states that the allegations in paragraph 25 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green.  To extent that paragraph 25 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT V

26.     Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

27.     Denied.

## COUNT VI

28.     Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

29.     Mr. Green states that the allegations in paragraph 29 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green.  To extent that paragraph 29 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT VII

30.     Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

31.     Mr. Green states that the allegations in paragraph 31 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green.  To extent that paragraph 31 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT VIII

32. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

33. Mr. Green states that the allegations in paragraph 33 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green. To extent that paragraph 33 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT IX

34. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

35. Mr. Green states that the allegations in paragraph 35 pertain only to Tedeschi, thus requiring no responsive pleading from Mr. Green. To extent that paragraph 35 is construed as a factual allegation pertaining to Mr. Green, it is denied.

## COUNT X

36. Mr. Green restates and incorporates herein his responses to the forgoing paragraphs.

37. Denied

### FIRST AFFIRMATIVE DEFENSE

Each Count of the Complaint is barred by failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If the Plaintiffs suffered any damages, then such damages were a result of Plaintiffs' own misconduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering on account of fraud.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a prima facie case with respect to national origin or religious discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred by their admission of misconduct.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Green are barred by applicable statutes of limitation.

    Joseph Green
By his Attorneys


/s/ John F. Welsh
John F. Welsh
BBO # 522640
Bello, Black &Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA  02116
(617) 247-4100
jwelsh@belloblack.com

Dated:  November 29, 2005