UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11692WGY

)
ABU MUSA and MOHAMMED S. ISLAM,  )
              Plaintiffs,  )
)
v.  )
)
TEDESCHI FOOD SHOPS, INC. and  )
JOSEPH GREEN,  )
              Defendants.  )
)

**STIPULATED PROTECTIVE ORDER GOVERNING THE DISCLOSURE
AND USE OF CONFIDENTIAL DOCUMENTS AND OTHER INFORMATION**

WHEREAS, discovery in the Action will require the production and disclosure of information that may be considered by Plaintiffs and Defendants (collectively, the "Parties") to constitute confidential, trade secret or proprietary business information; and

WHEREAS, the Parties wish to ensure that such confidential, trade secret or proprietary information is used only for purposes of this litigation and not otherwise disseminated;

NOW, THEREFORE, subject to the approval of the Court, the parties hereby stipulate and agree that the following procedures shall govern the handling of all documents and things produced whether in the form of originals or copies, information obtained from inspection of premises or things, records, electronic files, tangible materials, testimony adduced at depositions upon oral examination or upon written questions, responses to discovery and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries (collectively "Material") in connection with the Action:

1.  Counsel for a party or a third party producing or furnishing information of any nature in connection with this Action may designate as "CONFIDENTIAL" ("Designator") any document, deposition testimony, or other information which the party, in good faith, believes to contain or reflect confidential business information, trade secrets or other confidential nonpublic technical, commercial, financial, personal or business information, personnel information, information related to an employee performance review or disciplinary action, or other information which the producing party deems confidential.  Information, documents and things may be designated as "CONFIDENTIAL" to protect sensitive, non-public information, irrespective of whether disclosure of the information poses a risk of competitive harm to the producing party.  For purposes of this Stipulated Protective Order, information that may cause "competitive harm" is presumptively limited to information that is proprietary or constitutes trade secret information.  The specific party to whom the producing party produces CONFIDENTIAL MATERIAL hereunder is referred to as the "Receiving Party."  Documents or other information designated as "CONFIDENTIAL" in accordance with the terms of this Confidentiality Agreement are hereinafter referred to as "CONFIDENTIAL MATERIAL."

2.  Except as provided in paragraph 3 below, CONFIDENTIAL MATERIAL shall be designated CONFIDENTIAL at the time that the information is produced or furnished or promptly thereafter by stamping each page of all such documents or other information with the words "CONFIDENTIAL" or in the case of information produced in electronic form, by marking the exterior of the document file or storage device as will give notice of the level of confidentiality to be afforded such information.

3.  A party or a third party may designate any deposition transcript or portion of any deposition transcript as CONFIDENTIAL by so stating on the record or by giving notice in

writing to the other parties within 10 days of receipt of the deposition transcript, prior to which time the entire deposition transcript shall be treated by the parties as CONFIDENTIAL. To the extent that a portion or portions of a transcript containing CONFIDENTIAL MATERIAL can be segregated from non-confidential information without undue burden and expense, only those portions containing CONFIDENTIAL shall be so designated. Counsel for the Designator of materials or portions of a deposition as CONFIDENTIAL shall be responsible for marking the designated portions of copies of the transcript as "CONFIDENTIAL" and providing copies so marked to the Receiving Party. If no designation of CONFIDENTIAL is made within ten (10) business days of receipt of the transcript, the transcript (but not the deposition exhibits) shall be considered not to contain any CONFIDENTIAL MATERIAL. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

4.      If a party designates a portion of a deposition as CONFIDENTIAL on the record during the deposition, the designating party shall have the right to have all persons other than deponents not bound by this Stipulated Protective Order excluded from the deposition for such portion thereof that is deemed to be CONFIDENTIAL, before the taking of testimony which has been designated as CONFIDENTIAL.

5.      All CONFIDENTIAL MATERIAL shall be used only for the limited purpose of preparing for and conducting this Action (including appeals), and for no other purpose. All CONFIDENTIAL MATERIAL shall be retained by outside counsel and not disclosed to any person other than: (a) the Court; (b) members of the parties' respective counsel's staff who assist in the litigation of this suit; (c) the party; (d) the party's potential expert and lay witnesses who need to review the documents in the course of litigating this matter, whether or not they testify;

provided that the party to whom the documents are disclosed, members of said parties' counsel's staff and witnesses agree to comply with the terms of this stipulation.

6. Any party who wishes to disclose CONFIDENTIAL MATERIAL to any person other than those identified in Paragraph 5 above shall provide outside counsel for the party or third party who designated the material CONFIDENTIAL at least 5 business days' notice in writing, before any CONFIDENTIAL MATERIAL is made available to such person(s). The written notice shall identify the person to whom disclosure is proposed. With the written notice shall be included a fully executed Certificate and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s).

7. In the event that any party seeks to file or admit in evidence any Confidential documents in the proceedings in this action, that party shall provide prior notice of at least five (5) business days to all other parties, identifying the documents to be filed or upon which admission as evidence is to be sought. Any party may then seek to impound such document(s) in accordance with the requirements of Local Rule 7.2.

8. The restrictions set forth in this Order shall not apply to any document or other information that was properly in the public domain or is acquired in good faith from a third party who has the right to disclose such information. Nothing herein shall prevent any of the parties from disclosing publicly any of their own CONFIDENTIAL MATERIAL as they deem appropriate.

9. If counsel for a Receiving Party objects in good faith to the designation by the producing party of any document, testimony, or other information as CONFIDENTIAL MATERIAL, counsel for the Receiving Party shall so notify counsel for the producing party, which notice shall: identify the document, testimony, or other information; and set forth the

reasons for the objection. If the parties are unable to resolve the disagreement to their mutual satisfaction, they may either individually or jointly seek relief from the Court upon at least (10) ten business days' notice to the other parties, and all parties will cooperate in obtaining a prompt hearing concerning the same. Until the Court rules on the party's application or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as CONFIDENTIAL MATERIAL. The Designating Party has the burden of demonstrating that the Material is CONFIDENTIAL MATERIAL as defined by this Stipulated Protective Order. In the event that delays resulting from the application of a protective order delay the completion of discovery beyond the discovery period, the parties shall agree to reasonable extensions of discovery to complete any depositions that are effected by the resulting delay.

10. No party concedes that any Material designated by any other person as CONFIDENTIAL does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL MATERIAL. Nor shall the designation of information, documents or things as CONFIDENTIAL MATERIAL be construed as an admission that such information, document or thing is relevant or material to any issues in this Action. Any party may at any time, on reasonable notice, move for relief from the provisions of this Order with respect to specific Material.

11. Production or disclosure of CONFIDENTIAL MATERIAL under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

12. The designation of Material as CONFIDENTIAL shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material

to any person for any reason.  Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Party from disclosing or using in any way its own CONFIDENTIAL MATERIAL or any information which was in its possession, custody, or control prior to its receipt of the CONFIDENTIAL MATERIAL from the Disclosing Party.

13. Nothing herein shall preclude any party from seeking an order from the Court that any portion of a deposition, hearing, or trial proceeding be closed to the public for the purpose of taking testimony with respect to information designated as CONFIDENTIAL.

14. The designation of any document as CONFIDENTIAL shall not preclude any party from showing the document to any person who appears on the face of the document to be an author, addressee or intended copy recipient of the document.

15. The designation of a document or thing as CONFIDENTIAL shall also apply to the information contained therein.  Accordingly, any portion of any summary, notes, charts, reports, or other documents or things that is based upon, reflects, or is derived from information designated as CONFIDENTIAL shall be treated as such in accordance with the terms of this Stipulated Protective Order.

16. The Receiving Party of documents or things identified as CONFIDENTIAL MATERIAL hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things.  CONFIDENTIAL MATERIAL shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Outside Counsel must maintain copies of all executed Certificates.

17. Within 30 days after the termination of this Action, including any appeals, or at such other time as the parties agree, each party shall return or destroy all documents containing or reflecting CONFIDENTIAL MATERIAL, including but not limited to copies, summaries, and excerpts of CONFIDENTIAL MATERIAL. Notwithstanding the foregoing, counsel for each party may retain their work product, such as pleadings, correspondence, and memoranda, which contain CONFIDENTIAL MATERIAL, provided that all such information shall remain subject to this Order and shall not be disclosed to any person except as provided by this Order.

18. This Order shall not prejudice a party's right to seek to amend, modify, or change the terms of this Order by written agreement between the parties (and relevant third parties, to the extent that their interests are affected), or by Order from the Court.

19. The Parties hereto agree to be bound by this Agreement upon execution of the Agreement by the Parties, or any time prior thereto upon which the Parties agree. The Parties' agreement to be bound at a certain time shall not be affected in any way by any delay in execution and entry of the Agreement by the Court.

| | |
|---|---|
| TEDESCHI FOOD SHOPS, INC.<br>By its attorneys | JOSEPH GREEN<br>By his attorneys |
| /s/ Gary M. Feldman<br>Gary M. Feldman BBO # 162070<br>Lori A. Jodoin BBO # 655840<br>DAVIS, MALM & D'AGOSTINE, P.C.<br>One Boston Place<br>Boston, MA  02108<br>(617) 367-2500 | /s/ John F. Welsh<br>John F. Welsh BBO # 522640<br>Bello, Black &Welsh LLP<br>535 Boylston Street<br>Boston, MA 02116<br>(617) 247-4100 |
| ABU MUSA and<br>MOHAMMED S. ISLAM<br>By their attorneys | |
| /s/ Leslie Greer<br>Leslie Greer BBO # 210700<br>875 Massachusetts Avenue<br>Cambridge, MA 02139<br>(617) 354-8375 | |

Approved by the Court on _____, 2006

_____

404657v.1